UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:06-CV-480-R

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT,                                                              PLAINTIFF

v.

HOTELS.COM, LP, et. al.,                                                        DEFENDANTS

## OPINION & ORDER

This matter comes before the Court on the Defendants' Motion to Dismiss and supporting Memorandum (Dockets #10 & #11, respectively). The Plaintiff, the Louisville-Jefferson County Metro Government ("Louisville Metro") has responded to that motion (Docket #45) and the Defendants have replied to that response (Docket #50). In addition, the Plaintiff has filed a sur-reply to the Defendants' reply (Docket #58). This matter is now ripe for adjudication. For the following reasons, the Defendants' Motion to Dismiss is **DENIED**.

## BACKGROUND

Louisville Metro filed this lawsuit seeking to recover unpaid transient room taxes from the Defendants. The Defendants in this matter are individual internet travel companies, whose businesses include assisting on-line customers with the rental of hotel and motel rooms across the world, including Louisville, Jefferson County, Kentucky. When a customer uses the website of one of the Defendants to purchase and reserve a hotel or motel room in Louisville, he/she is charged an amount to cover the room rental by the hotel/motel, a transient room license tax, and a service fee. The travel companies then turn over the room fees and taxes to the hotel/motel, minus the service charge. While Louisville Metro admits that the Defendants do collect the entire amount of the room tax from the customer, it claims that the Defendant do not remit the

entire amount collected to the appropriate taxing authorities.

KRS 91A.350, et. al., entitled the "Tourist and Convention Commissions," as well as KRS 153.440, authorize counties and municipalities in Kentucky to assess and collect a transient room tax on hotels, motels and similar establishments for the purposes of promoting and funding local tourist and convention activities.  Under the statutes, local governing bodies establish commissions to collect the taxes.  In Louisville Metro, Section 121.01 of the Louisville Metro ordinances levies a seven and one-half percent (7.5%) transient room tax on corporations in the accommodations business.  Louisville Metro uses this money to promote tourism through the Greater Louisville Convention and Visitor's Bureau.

The Plaintiff contends that the Defendants tax evasion scheme starts with their contracts with the hotels and motels to obtain the rights to market their rooms on-line to the general public. The Defendants and hoteliers then negotiate a discounted or reduced rate for the room, which the Plaintiff calls the "wholesale price."  Next, the Plaintiff alleges that when the Defendants post the room on-line at their sites, they mark up the room rates to the customers who eventually occupy the rooms; the Plaintiff calls this the "retail price."  The Plaintiff then claims that after the Defendants collect the retail price for the room, plus an additional "tax and services" fee from the customers based on the retail price of the room, the Defendants remit the retail room rate price plus 7.5% transient taxes on the *wholesale price*, but not the retail price, to the hotel. The Plaintiff argues that because the Defendants charge the customers the retail price for the room, the Defendants should remit to the hotels not only the retail price for the room, but also 7.5% transient taxes on the *retail price* of the room, not the *wholesale price* of the room, rather than keeping the difference for themselves.

In filing this action, Louisville Metro first seeks to certify a class of counties and cities throughout Kentucky, who it claims has been misled by the Defendants' scheme and are owed monies by the Defendants. The Plaintiff also asserts that because the Defendants have only paid a portion of the taxes owed on the hotel and motel rooms, these Defendants have: violated Kentucky transient room tax ordinances and are liable under common law theories of unjust enrichment, money had and received and conversion; therefore, the Court should impose a constructive trust on the Defendants to hold the funds as a constructive trustee for the Plaintiff. In addition, the Plaintiff has requested a declaratory judgment against the Defendants finding that the Defendants' business practices are unlawful, deceptive and illegal. Lastly, the Plaintiff requests damages for monies owed to it as well as a class of Kentucky cities and counties whose hotels and motels worked with the Defendants.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the

material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

In their motion to dismiss, the Defendants contend that dismissal is appropriate in this matter because the Plaintiff fails to state a claim upon which relief can be granted. In particular, (1) the Defendants first assert that the transient room tax does not apply to them as on-line service providers because the language of the ordinance is limited to entities "doing business as motor courts, motels, hotels, inns or like or similar accommodations businesses," which the Defendants contend does not include them. Further, (2) the Defendants argue that the Plaintiff is attempting to extend the transient room tax to their service fees, which constitutes an unconstitutional excise tax under Kentucky law, and therefore, the claim should be dismissed. The Defendants also argue (3) that extending the tax to cover their service fees would result in an impermissible double taxation on them. In addition, (4) the Defendants assert that the Plaintiff lacks standing to bring the claims asserted because under the ordinance the Revenue Commission, not the Plaintiff, has the authority to bring the suit. The Defendant also claims (5) that the Plaintiff has failed to exhaust its administrative remedies and that the Court should dismiss this suit until such exhaustion takes place. The Defendants further contend (6) that the remaining common law claims for unjust enrichment, conversion, and money had and received fail as a matter of law. Lastly, the Defendants contend (7) that the Plaintiff's declaratory judgment claim fails because it is based on the Plaintiff's "defective" allegations. The Court shall address all seven (7) arguments separately.

### 1.  Subject to the Ordinance

The Defendants' first argue that their transactions with customers are not subject to the Louisville Metro transient room tax ordinance because they are not entities "doing business as motor courts, motels, hotels, inns or like or similar accommodations businesses."  Both parties have cited case law that addresses statutory interpretation and have also provided dictionary and common sense definitions of whether the Defendants, as on-line travel service companies, would qualify as "like or similar accommodations businesses" under the local ordinance.   In looking at the arguments submitted by the parties, the Court finds that the Defendants' argument does not properly characterize what the Plaintiff alleges in the complaint in regards to their actions, and therefore, the Defendants' arguments do not merit dismissal.

The Plaintiff claims that the Defendants purchase rooms from Louisville Metro hotels at a wholesale price and then leases these rooms to customers at a marked up retail price.  "In essence, Plaintiff[] allege[s] that Defendants engage in the practice of subletting of living quarters and accommodations." *Leon County v. Hotels.com*, 2006 WL 3519102, *2 (S.D. Fla. Dec. 6, 2006).  If true, these allegations would qualify the Defendants as "like or similar accommodations businesses" under the ordinance, and therefore, the Defendants would be subject to the Louisville Metro transient room tax.  As the Court must accept the well-pleaded facts of the Plaintiff as true at this juncture, the Court finds that the Defendants' first argument does not warrant dismissal. *Lawrence*, 188 F.3d at 691.

### 2. Unconstitutional Excise Tax

The Defendants' second argument, which asserts that further applying the tax to the

Defendants' service fee would amount to an unconstitutional excise tax, once again does not properly characterize what the Plaintiff alleges in the complaint in regards to their actions. As described *supra*, the Plaintiff has claimed that it does not seek to tax the service fee between the Defendants and its customers. Rather, the Plaintiff contends that the Defendants have not remitted all of the taxes owed to Louisville Metro, claiming that while the Defendants charged a higher retail price to customers to purchase the room, the Defendants have only paid the tax on the lower wholesale price, and therefore, the Plaintiff is entitled to the difference.

At this time, factual issues exist as to whether the Defendants may have improperly retained excessive transient room taxes, as the Defendants have not put forward how the taxes involved in this matter are collected and remitted to the hotels, as well as what percentage is taken from what price. If these allegations are true, the Plaintiff would have a cause of action against the Defendant to recover the remitted taxes. *See City of Findlay v. Hotels.com*, 441 F. Supp.2d 855, 860-61 (N.D. Ohio 2006)(holding that fact issues remained, precluding motion to dismiss, as to whether on-line travel companies collected excess transient taxes); *City of Rome v. Hotel.com*, 4:05-CV-249-HLM (N.D.GA May 8, 2006)(denying the defendant's motion to dismiss noting that the defendant had failed to properly identify the taxes charged and paid by hotel guests). Accordingly, the Court finds that the Defendants' second argument does not warrant dismissal.

### 3. Double Taxation

The Defendants' third argument suggests that applying the transient room tax to their sale of hotel rooms would result in a double tax, and therefore, would be unconstitutional under Kentucky law. Again, the Defendants' have not properly characterized the Plaintiff's complaint.

The Plaintiff neither seeks to tax the service fee between the Defendants and its customer, nor to increase the tax and/or collect for a second time. As described *supra*, Louisville Metro contends that the Plaintiff has not fully remitted all of the taxes for the sale of the room, consistent with the state and local statutes, not that the Plaintiff seeks to impose more and/or new taxes on the Defendants. In *Leon County*, the United States District Court for the Southern District of Florida addressed both a similar issue and argument put forth by the defendants. *See Leon County* at *2. In finding that the plaintiffs had adequately alleged facts to survive the defendants' motion to dismiss, the Court reasoned:

> Defendants' argument that Plaintiffs' interpretation of the tax "would lead to the absurd result of the Tax being imposed twice on the rental transaction that takes place between the hotel and the customer," [] depends on Defendants' inaccurate characterization of the allegations in the Complaint. Plaintiffs do not allege a single transaction between the hotel and Defendants' customer. Instead, Plaintiffs allege two transactions: one transaction between the hotel and a Defendant and a subsequent transaction between the Defendant and its customer. Without assessing the taxability of the first transaction, the Court finds that Plaintiffs have adequately alleged facts establishing the taxability of the second transaction.

*Id.* Accordingly, the Court finds that the Defendants' third argument does not warrant dismissal.

### 4.  Standing

In their fourth argument the Defendants' claim that the Plaintiff does not have standing to bring suit against the Defendants, contending that only the Louisville Metro Revenue Commission can bring the suit as set out by the ordinance, 121.02(B). However, the ordinance states, in pertinent part that all entities "doing business as motor courts, motels, hotels, inns or like or similar accommodations businesses. shall pay the cumulative transient room taxes [] imposed by § 121.01 to the Louisville/Jefferson County Revenue Commission [] *or such other agent as may be designated by the Mayor as collecting officer for the Metro Government.*"

7

(emphasis added). The Plaintiff has submitted an affidavit from Louisville Metro Mayor Jerry Abramson, which states that he authorized Louisville Metro to bring the instant matter to collect remitted taxes from the Defendants pursuant to the ordinance. Accordingly, the Court finds that Louisville Metro has standing to bring the instant claim.

### 5. Exhaustion of Administrative Remedies

The Defendants' fifth argument states that the Plaintiff must exhaust its administrative remedies as designated by the local ordinances before it can bring this action. However, a party does not need to exhaust administrative remedies "when the statute is alleged to be void on its face...[or] likewise not required when continuation of an administrative process would amount to an exercise in futility." *Kentucky Retirement Systems v. Lewis*, 163 S.W.3d 1, 3 (Ky. 2005)(citing *Goodwin v. City of Louisville*, 309 Ky. 11, 215 S.W.2d 557, 559 (1948); *Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet*, 133 S.W.3d 456, 471 (Ky. 2004)); *see also Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 14 (2000); *Druin v. Louisville and Jefferson County Metropolitan Sewer Dist.*, 2005 WL 1994523, *2 (W.D.Ky. Aug. 16, 2005). The burden rests with the Plaintiff to demonstrate the futility of the administrative review. *Gean v. Hattaway*, 330 F.3d 758, 773-74 (6th Cir. 2003).

Here, the Court finds that based on the arguments submitted by the parties it would have been futile for Louisville Metro to have exhausted its administrative remedies prior to filing this claim. To have the Louisville Metro Revenue Commission perform an audit, make a determination that additional fees are owed, and assess the amount against the Defendants would have amounted to an act of futility in this matter because the Defendants not only contend that the local ordinances do not apply to them, but also that any application of the ordinance to

collect monies from them amounts to an unconstitutional excise tax. Accordingly, the Court finds that the Defendants' fifth argument does not warrant dismissal.

**6. Adequacy of the Common Law Claims of Unjust Enrichment, Money Had and Received and Conversion**

The Defendants' contest the adequacy of the remaining common law claims in its sixth argument, contending that the Plaintiff has not alleged proper facts to establish claims for unjust enrichment, money had and received and conversion. However, in looking at the Plaintiff's amended complaint, the Court finds that the Plaintiff has stated valid claims under these common law causes of action, and therefore, these claims shall go forward at this time.

"For an unjust enrichment claim to be viable, [the] Plaintiff[] must show the following elements: (1) a benefit conferred upon the defendant at the plaintiff's expense, (2) a resulting appreciation of the benefit by the defendant, and (3) an inequitable retention of the benefit without payment for its value. *See Guarantee Electric v. Big Rivers Electric Corp.*, 669 F.Supp. 1371, 1381 (W.D.Ky.1987)." *Tractor and Farm Supply, Inc. v. Ford New Holland, Inc.,* 898 F. Supp. 1198, 1206 (W.D.Ky. 1998). Here, in its amended complaint, the Plaintiff has properly alleged the three (3) requisite elements to sustain an unjust enrichment claim, stating that the Defendants have improperly retained tax money that belongs to the Plaintiff, which has resulted in a pecuniary loss for the Plaintiff, and the Defendants have not paid the Plaintiffs the value retained. Accordingly, the unjust enrichment claim shall go forward at this time.

The common law cause of action for "money had and received" is a claim in equity. In *Jones v. Howard*, the Kentucky Court of Appeals, then the highest court in the Commonwealth, stated that a money had and received claim:

9

> lies upon an express promise if nothing remains to be done but the payment of money; it is not dependent, however, upon an express promise, or even upon one implied in fact, but is maintainable in all cases where one person has received money or its equivalent under such circumstances that in equity and good conscience he ought not to retain it and *ex æquo et bono* it belongs to another. This is so irrespective of whether the money was received from the plaintiff or from a third person.

*Jones v. Howard*, 271 S.W. 1048, 1049 (Ky. App. 1925); *see also Tidwell v. O'Bryan's Adm'r* 297 Ky. 749, 751-52 (Ky. 1944)(holding that "[t]he common law action of assumpsit for money had and received is simple and liberal in form, as is the pleading of it...[i]t may be upon an express agreement or one implied in fact but it is not dependent upon either condition. It is equitable in nature and if conscience demands a return of the money, it will be enforced. Unjust enrichment is the foundation.").

The Defendants contend that there must be privity between the parties in order to support a cause of action for money had and received, however, as stated *supra* in *Jones*, in Kentucky the cause of action is maintained "irrespective of whether the money was received from the plaintiff or from a third person." *Jones* at 1049.

Nonetheless, even assuming that privity between the parties is necessary to support a common law cause of action for money had and received, such privity may be expressed or implied. *Cary v. Curtis*, 44 U.S. 236, 247-48 (1845). However, "[i]n the eye of the law, there is always such privity of contract as is necessary to sustain this action [for money had and received], between a person who holds the money of another, which in equity and good conscience he is bound to refund, and the person whose money is thus withheld." *Thomas Wilson & Co. v. Smith*, 44 U.S. 763, 765 (1845). Here, the Plaintiff claims, and the Court agrees, that while the Defendants have turned over a portion of the taxes as mandated by the ordinance, there

10

is a factual issue to whether the Defendants have remitted the entire amount, and therefore, privity between the parties exists based on the ordinance and the alleged actions of the Defendants. Accordingly, the claim for money had and received shall go forward at this time.

The Kentucky Supreme Court, in *McClendon*, set out the elements necessary to establish the tort of conversion, which include:

> (1) the plaintiff had legal title to the converted property; (2) the plaintiff had possession of the property or the right to possess it at the time of the conversion; (3) the defendant exercised dominion over the property in a manner which denied the plaintiff's rights to use and enjoy the property and which was to the defendant's own use and beneficial enjoyment; (4) the defendant intended to interfere with the plaintiff's possession; (5) the plaintiff made some demand for the property's return which the defendant refused; (6) the defendant's act was the legal cause of the plaintiff's loss of the property; and (7) the plaintiff suffered damage by the loss of the property.

*Kentucky Ass'n of Counties All Lines Fund Trust v. McClendon*, 157 S.W.3d 626, 632 n. 12 (Ky. 2005). In reviewing these elements and the amended complaint, the Court finds that the Plaintiff has alleged a proper claim for conversion, and therefore, the claim shall go forward at this time.

In its amended complaint, the Plaintiff sufficiently alleges that the Defendants converted taxes that the Plaintiff has a legal right to under the ordinance, and that the Defendants have improperly retained these funds and failed to remit them to the Plaintiff as mandated by the ordinance. While the Plaintiff has not formally demanded the return of the alleged converted monies, such a demand is not necessary as the Plaintiff has alleged a wrongful taking by the Defendants from the onset, and therefore, this element does not need to be alleged in order to sustain a claim for conversion. *See Joseph Goldberger Iron Co. v. Cincinnati Iron & Steel Co.*, 154 S.W. 374, 375 (Ky.1913); *Kendrick v. Standard Fire Ins. Co.*, 2007 WL 1035018, *13 (E.D.Ky. Mar. 31, 2007). Accordingly, the Plaintiff's conversion claim shall go forward at this

time.

### 7. Declaratory Judgment

The seventh and final argument for dismissal asserted by the Defendants, which contends that Louisville Metro's declaratory judgment claim fails because it is based on Plaintiff's defective allegations regarding the ordinance and common law claims, does not warrant dismissal. As determined *supra*, all of the Plaintiff's claims shall go forward at this time. Whether or not the Plaintiff is entitled to a declaratory judgment will become more clear after discovery takes place. Accordingly, the Court finds that the Plaintiff's claim for a declaratory judgment shall go forward at this time.

## CONCLUSION

**IT IS SO ORDERED:**

For the foregoing reasons, the Defendants' Motion to Dismiss (Docket #10) is **DENIED**.