**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CASE NO.: 3:06-CV-480-R**


LOUISVILLE/JEFFERSON COUNTY                                                                   PLAINTIFF
METRO GOVERNMENT

and

LEXINGTON-FAYETTE URBAN
COUNTY GOVERNMENT                                                        INTERVENING PLAINTIFF

V.

HOTELS.COM, LP, et al.                                                                                      DEFENDANTS


**MEMORANDUM OPINION**

On August 10, 2007, this Court entered an Opinion & Order denying a Motion to Dismiss

filed by the Defendants (*see* docket no. 60).  Defendants promptly filed a Motion for

Reconsideration (docket no. 88) pursuant to FED. R. CIV. P. 59(e).  After careful review of

Defendants' Motion and Plaintiff's response, the Court finds part of it to be well-taken.

Specifically, the Court finds that the Defendants have established that the court erred in its

construction of the taxing ordinances at issue.  *See Roger Miller Music, Inc. v. Sony/ATV

Publishing, LLC* 447 F.3d 383, 395 (6th Cir. 2007)("a motion under Rule 59(e) must either

establish a manifest error of law or must present newly discovered evidence" (internal citations

omitted)). Unfortunately for Plaintiff, the revised ruling is dispositive of the action.

Accordingly, for the reasons stated herein, the Court will supersede its prior Opinion & Order in

its entirety and order that the case be dismissed.[1]

## I.

Louisville/Jefferson County Metro Government filed this lawsuit seeking to recover what it believes are unpaid transient room taxes that are due it pursuant to Chapter 121 of the Louisville/Jefferson County Code of Ordinances (the "Metro Ordinances"), which imposes transient room taxes totaling 7.5% of the rent of rooms "charged by all persons, companies, corporations, or other like or similar persons, groups or organizations doing business as motor courts, motels, hotels, inns or like or similar accommodations businesses."

The Defendants are internet travel companies whose businesses assist on-line customers with the rental of hotel[2] rooms across the world, including those in Louisville, Kentucky. The Defendants agree to pay local hotels a certain negotiated fixed amount per room if the Defendants are able to find persons to rent the hotels' rooms. (Plaintiff refers to this as the "wholesale price.") Customers then book rooms on-line for a rate that is higher than the negotiated amount (Plaintiff refers to this as the "retail price"), and pay the Defendants that rate, plus an amount that includes applicable taxes and a service fee. Defendants then remit to the hotels the original negotiated amount (the "wholesale price"), plus any taxes due on that amount. The rest they keep. The hotels then remit to the taxing authority the tax due on the amount they actually received (*i.e.,* the "wholesale price"). Defendants remit nothing to the taxing authority.

---

[1]Because the same issue of statutory construction is also dispositive of Defendants' Motion to Dismiss the Lexington-Fayette Urban County Government's Intervening Complaint (docket no. 141), the Court will also grant that motion for the reasons articulated in this Memorandum Opinion.

[2]The Court will use the term "hotel" generically to refer not only to hotels, but also motels, motor courts, and inns.

Therein lies the crux of the parties' dispute.

Plaintiff alleges that the amount of tax due the taxing authority should not be calculated on the basis of the negotiated amount (*i.e.,* the "wholesale price"), but on Defendants' higher advertised rate (*i.e.,* the "retail price"), which they construe to also include the service fee. For example, if Defendants and the hotels agree upon a negotiated amount of $60 per room, but then Defendants advertise those rooms for the rate of $90, plus a $10 service fee, Defendants allegedly remit to the hotels only 7.5% of $60, instead of 7.5% of $90 (the advertised rate) or $100 (the advertised rate, plus the service fee), a difference of $2.75 or $3.50 per room.  There has been no allegation that the hotels are not properly remitting the tax collected on the "wholesale price."  Rather, the dispute is concerned solely with the tax putatively due on the "retail price" and the service fee.  Depending on the typical amount of the difference between the "wholesale price" and the total cost to the on-line consumer, this constitutes a potentially significant loss of tax revenue for Metro Government.  Hence this lawsuit.

## II.

Plaintiff alleges that Defendants are required to remit the tax due on the advertised room cost pursuant to Metro Ord. §§ 121.01 and 121.02.  Because Defendants have not remitted anything directly to the taxing authority, and have only remitted to the hotels the tax due on the "wholesale price," Plaintiff asserts that Defendants not only have violated the transient room tax ordinances, but are also liable under common law theories of unjust enrichment, money had and received, and conversion.  The Plaintiff therefore has asked the Court to impose a constructive trust on Defendants and to hold the amount in dispute as a constructive trustee for the Plaintiff. Plaintiff also requests a declaratory judgment that the Defendants' business practices are

unlawful, deceptive, and illegal.  Finally, Plaintiff asks the Court to certify a class of counties

and cities throughout Kentucky it asserts are owed money by the Defendants and requests

damages not only for Metro Government, but the class as well.

Defendants have asked the Court to dismiss Plaintiff's claims because they have failed to

state a cause of action upon which relief may be granted.  *See* Mot. to Dismiss (docket no. 10).

Defendants first argue that Chapter 121 of the Metro Ordinances does not apply to them because

they are not "doing business as motor courts, motels, hotels, inns or like or similar

accommodations businesses."  Metro Ord. § 121.01 (A) -(D) and § 121.02(A), (B).  They also

assert (1) that any extension of the transient room tax to their services fees constitutes an excise

tax that is violative of Kentucky's constitution; (2) that imposing the tax on their service fees

constitutes impermissible double taxation; (3) that Plaintiff lacks standing to bring this lawsuit;

(4) that Plaintiff has failed to exhaust its administrative remedies; (5) that Plaintiff's common

law claims fail as a matter of law; and, because of the foregoing assertions, (6) that declaratory

judgment is improper.

In its original Opinion & Order (docket no. 60), the Court disagreed with all of

Defendants' arguments in their Motion to Dismiss, and denied the Motion.  In all candor,

however, the Opinion was not as detailed as some of the Court's typical memorandum opinions.

Perhaps this was because the Court was not irrevocably wedded to its decision in a way that was

reflected in its exposition, and the case presents some issue of first impression.  Whatever the

reason, after reviewing Defendants' Motion for Reconsideration and all responses and replies

thereto, the Court agrees with Defendants that it erred on one significant point:   Read with an

appropriate eye toward Kentucky's jurisprudence regarding statutory construction, the taxing

ordinances do not apply to Defendants.

## III.

Chapter 121 of the Metro Ordinances imposes a transient room tax totaling 7.5% of "the

rent for every occupancy of a suite, room or rooms, charged by all persons, companies,

corporations, or other like or similar persons, groups, or organizations, doing business as motor

courts, motels, hotels, inns or *like or similar accommodations businesses*."  Metro Ord. § 121.01

(A)-(D) and § 121.02(A), (B) (emphasis added).  The parties disagree about whether the

Defendants are subject to the aforementioned ordinances.  Whether they are depends on whether

they are properly considered to be "like or similar accommodations businesses" to motor courts,

motels, hotels, or inns.

In construing a piece of legislation, the Court must first try to give effect to the intent of

the legislature.  "To determine legislative intent, a court must refer to the words used in enacting

the statute rather than surmising what may have been intended but was not expressed."  *Hale v.*

*Combs*, 30 S.W.3d 146, 151 (Ky. 2000)(internal citations omitted); *see also* Ky. Rev. Stat.

446.080(1)("All statutes of this state shall be liberally construed with a veiw to promote their

objects and carry out the intent of the legislature.").  Yet, as Kentucky's highest court has noted

with respect to the type of statute and ordinance at issue in this case,

> Taxing laws should be plain and precise, for they impose a burden
> upon the people. That imposition should be explicitly and distinctly
> revealed. If the Legislature fails so to express its intention and
> meaning, it is the function of the judiciary to construe the statute
> strictly and resolve doubts and ambiguities in favor of the taxpayer
> and against the taxing powers.
>
> We do not overlook the concomitant and equally as firm rule ... that
> an intention of the Legislature to grant an exemption from taxation
> will not be presumed or implied, since taxation of all is the rule and

exemption is the exception.  But the rule calls for no strained construction adverse to the apparent intention of the Legislature. It requires a normal and reasonable construction.

*George v. Scent,* 346 S.W.2d 784, 789 (Ky. 1961)(emphasis added)(internal citations omitted); *see also Esbeco Distilling Co. v. Shannon*, 129 S.W.2d 172, 175 (Ky. 1939)(noting the "well-recognized rule that statues imposing license or privilege taxes be strictly construed against the state or taxing power and may not be extended beyond their clear import" and that "[d]oubts as to the construction of such statutes must be resolved in favor of the taxpayer").  Accordingly, this court must attempt to steer the ship of statutory construction between the Scylla of attempting to discern legislative intent and the Charybdis of having any "reasonable and normal" construction of a statute's words drowned in the whirlpool of presumed intent.

The sections that comprise Chapter 121 of the Metro Ordinances were promulgated pursuant to the authority granted by Ky. Rev. Stat. § 91A.350, *et. seq.,* which permit local governing bodies to establish tourist and convention commissions "for the purpose of promoting convention and tourist activity," and directs the local governing bodies that have done so to impose transient room taxes to fund the commissions.  As stated therein, the intent of Ky. Rev. Stat. §91A.390, which establishes the transient room tax at issue here, is "the attraction and promotion of tourist and convention business." Similarly, in Metro Ord. § 121.01, which Louisville promulgated pursuant to the authority granted it by Ky. Rev. Stat. § 91A.390, the stated intent, repeated in every subsection is "the promotion of tourist and convention business." As Kentucky's highest court has wisely observed, however, "legislative intent is at best a nebulous will-o'-the-wisp," *Gateway Construction Co. v. Wallbaum*, 356 S.W.2d 247, 249 (Ky. 1962), and while "the promotion of tourist and convention business" is a helpful generality, it

-6-

does not exactly definitively clarify whether the intent of the legislatures that enacted the statute

and ordinance was to impose the tax on businesses such as the defendants.

The Court must therefore attempt to interpret the precise words of the statute. In so

doing, the Court will first attempt to interpret those words in terms of their "plain and commonly

accepted meaning." *Barnes v.Dep't of Revenue,* 575 S.W.2d 169, 171 (Ky. App. 1978); *see also*

Ky. Rev. Stat. 446.480(4)("All words and phrases shall be construed according to the common

and approved usage of language ..."). At issue here generally are the words "doing business as

motor courts, motels, hotels, inns or like or similar accommodations businesses," but more

specifically the words "like or similar accommodations businesses," since the Defendants clearly

are not motor courts, motels, hotels, or inns, as those words are commonly and plainly

understood. As the Court noted in its original Opinion & Order, one view of the Defendants'

businesses, is that they are engaged in the process of subletting living quarters and

accommodations. Viewed in that light, they might reasonably be thought of as accommodations

businesses, and the Court will assume, for the sake of argument only, that they are. The Court's

focus now is on the words that precede "accommodations businesses" in the statute and

ordinance – namely the phrase "like or similar"– to which the Court previously did not give

sufficient consideration.

Even if one accepts as true that the nature of Defendants' businesses is properly

characterized as "subletting living quarters and accommodations," that does not necessarily

mean that their businesses are "like or similar" to "motor courts, motels, hotels, or inns." To

determine whether they are, the Court must be guided by the rule of statutory interpretation

known as *ejusdem generis*. As Kentucky's highest court has noted, when employing the rule as

-7-

an aid to statutory construction:

> The rule of *ejusdem generis* (of the same kind) is that where, in a statute, general words follow or precede a designation of particular subjects or classes of persons, the meaning of the general words ordinarily will be presumed to be restricted by the particular designation, and to include only things or persons of the same kind, class, or nature as those specifically enumerated, unless there is a clear manifestation of a contrary purpose.

*See, e.g., Steinfeld v. Jefferson County Fiscal Court*, 229 S.W.2d 319, 320 (Ky. 1950)(internal citations omitted).  The things specifically enumerated in both Ky. Rev. Stat. 91A.350 and Metro Ord. §§ 121.01 and 121.02 are physical establishments that actually contain the rooms rented by transient visitors and whose occupancy is subject to the tax.  That being said,

> the rule of *ejusdem generis* does not necessarily require that the general provision be limited in its scope to the identical things specifically named, nor does it apply when the context manifests a contrary intention. The maxim is only an illustration of the broader rule of *noscitur a sociis* which is that the meaning of a word is known from the accompanying words.

*Robinson v. Ehrler,* 691 S.W.2d 200, 207 (Ky.,1985).  Nevertheless, the Court is also guided by the maxim that "no intention must be read into the statute not justified by the language," *Gateway Construction*, 356 S.W.2d at 249, and the ruling in *George*, that it must "construe the statute strictly and resolve doubts and ambiguities in favor of the taxpayer and against the taxing powers," 346 S.W.2d at 789.  With those guideposts in mind, the Court cannot find a principled basis for determining (whatever the proper characterization of the precise nature of Defendants' businesses may be) that internet businesses that have neither ownership, nor physical control, of the rooms they offer for rent are "like or similar" to "motor courts, motels, hotels, or inns." *Cf. Lexington Relocation Services, LLC v. Lexington-Fayette Urban County Gov't*, 2004 WL 1418184 (Ky. App. 2004)(The appellate court determined that the intent of the legislature was to

-8-

authorize the taxation of businesses that "supply" short-term lodgings suitable for visitors to the area and interpreting the statute to include a company that leased apartments, assumed physical control of them, and then rented them fully-furnished for periods of time generally shorter than the term of the leases.)

In making this determination, the Court recognizes that the intent of the legislature was to promote tourism and convention business through revenue generated by the transient room tax. The Court is also fully aware that businesses' such as Defendants' were truly creatures of the future at the time the statute and ordinance originally were enacted. Such businesses have long since made the leap from a capitalist's imagination to reality, however, and both pieces of legislation have been amended more than once since then. The Court will not now step in to do what the state and local legislative bodies – both of whom can be expected to be fully aware of the intent of their legislative forebears – either failed or chose not to do.

**IV.**

In conclusion, the Court finds that the words of Justice Thomas of the former Court of Appeals of the Commonwealth of Kentucky (now known as the Kentucky Supreme Court) best sum up the philosophy underpinning this Court's reasoning:

> The judiciary is but one of the three component parts of our form of government. Its duty is to interpret and construe laws, not to enact them, and if a plainly warranted construction of a statute should result in a failure to accomplish in the fullest measure that which the Legislature had in view, the remedy is legislative action, and not judicial construction.

*Western & Southern Life Ins. Co. v. Weber*, 208 S.W. 716, 718 (1919). As noted previously, the Court is of the opinion that this is a circumstance where an ordinance and the statutes permitting its promulgation have simply failed to keep up with the times. The appropriate response to that

is legislation, not litigation.  The Court will therefore order this case dismissed.

DATE:


cc:      counsel of record